JULIUS GOLTZ *vs.* WINONA & ST. PETER RAILROAD COMPANY.

July 15, 1875.

Contributory Negligence—Waiver—General Verdict and Special Findings.—This is an action in which plaintiff seeks to recover damages for personal injuries occasioned by defendant's alleged negligence. The court below, among other things, instructed the jury that there was a distinction between (1) negligence of plaintiff himself—*i. e.*, acts of omission or commission on his part, independent of defendant's negligence—and (2) conduct of the plaintiff in exposing himself to, and failure to avoid, the known risks and dangers of defendant's negligence, without objection, and without being induced by defendant to believe that its negligence would be remedied; that the former was *contributory* negligence; the latter, a waiver by plaintiff of any right to hold defendant responsible for the consequences of negligence to which plaintiff has voluntarily and knowingly exposed himself. The jury found a general verdict for defendant, and, in answer to specific questions, found that defendant was guilty of negligence which produced the injury to plaintiff, and that plaintiff was not guilty of any negligence, or want of ordinary care, which "contributed to produce" such injury. *Held,* that these special findings are not inconsistent with the general verdict, in view of the distinction drawn in the charge between contributory negligence and waiver.

Appeal by plaintiff from an order of the district court for Winona county, *Mitchell*, J., presiding, refusing a new trial after verdict for defendant.

*G. & W. Gale*, for appellant.

*Thomas Wilson*, for respondent.

BERRY, J. This is an action in which the plaintiff seeks to recover damages for being run over by a railroad car through defendant's alleged negligence. The jury brought in a general verdict for the defendant, and also answers to certain specific questions of fact submitted by the court. So far as important upon the present appeal, the questions and answers are as follows:

*Question* 1. Was the defendant guilty of negligence which produced the injuries to plaintiff? *Answer.* Yes.

*Question* 2. If yea, wherein, and in what respect, was defendant thus negligent? *Answer.* Upon the second special question we answer that defendant was guilty of negligence in not keeping the brakes on their cars in thorough repair, and in not placing signals, or using other adequate precautions, for the protection of persons at work in their yard repairing cars.

*Question* 3. If defendant was guilty of such negligence, had the plaintiff full knowledge of such negligence on the part of defendant, and of the risk and dangers to which such negligence exposed him, when he engaged in the work in which he was injured? *Answer.* Upon the third special question we answer that he had knowledge of defective brakes, and of the lack of rules and signals for the safety of workmen employed in the yard.

*Question* 4. Was the plaintiff guilty of any negligence or want of ordinary care which contributed to produce the injuries complained of? *Answer.* No.

The question presented by this appeal is, whether the fourth special finding, taken in connection with the first, is inconsistent with the general verdict. The plaintiff was in the employ of defendant at the time when he received the injury, and he claimed that the defendant was guilty of negligence in using defective brakes, and in managing its business in other respects. Defendant claimed that plaintiff had full knowledge of this negligence, and of the risks and dangers to which he was exposed in the work in which he was engaged when injured.

From the charge of the court, (the correctness of the report of which, as brought up here, is not questioned,) as well as from the decision of the court below upon the motion for a new trial, it appears that, among other things, the jury were instructed that if they found that the defendant was negligent, and that its negligence produced plaintiff's injury, they must bring in a verdict for the plaintiff, unless they further found, either "(1) that plaintiff himself was also guilty of negligence which proximately contributed to produce the injury, or (2) that plaintiff himself knew of such negligence on the part of defendant, and all the risks and dangers to which such facts exposed him, and still voluntarily continued in the work, without objection, and without being induced by the company to believe that such defects would be remedied." The view of the court below, as appears from many other parts of the charge as well as from the above, was that there is a distinction to be taken between (1) the negligence of the " plaintiff himself"—*i. e.*, acts of commission or omission on his part, independent of defendant's negligence—and (2) conduct of the plaintiff in exposing himself to, and failure to avoid, the known risks and dangers of defendant's negligence, without objection, and without being induced by defendant to believe that its negligence would be remedied. The former the court below deemed to be contributory negligence; the latter, a waiver by plaintiff of any right to hold defendant responsible for the consequences of negligence to which plaintiff had voluntarily and knowingly exposed himself. Upon the basis of this distinction, which runs through the entire charge, the case was put to the jury by the court.

In our opinion the distinction thus drawn by the court below is without practical value, and will only serve to produce confusion. As at present advised, we see no reason why the conduct of the plaintiff may not properly be regarded as contributory negligence in both cases; that is to say, as *contributing* to the injury in both. The difference

between the two, so far as the point of contribution is concerned, seems to us to be a difference in form, not in substance. This is a question, however, which need not be settled at this time.

The fact important now is that the case went to the jury upon the distinction referred to, and the verdict and special findings are to be looked at by the light of this fact. As stated in the decision of the court below, the third question submitted to the jury was submitted for the purpose of obtaining a special finding as to the matter of waiver, as distinguished by the court from contributory negligence proper. The court below held (and the correctness of the holding is admitted by both parties) that the answer to the third question not being fully or substantially responsive, the case stands just as if the jury "had omitted altogether" to answer the question. The general verdict for defendant must, then, be taken as involving an affirmative answer to the third question, unless this is prevented by the fourth special finding. It is not so prevented for the reason that the fourth special finding is to be construed with reference to the instructions under which it was found, and which the jury are to be presumed to have followed. Under these instructions the fourth question had reference to contributory negligence proper, as distinguished by the court from the conduct of the plaintiff enquired after in the third question. The third question was not, then, involved in the fourth, and the fourth finding is not to be taken as negativing the existence of the kind of negligence enquired after in the third question.

It follows that the fourth finding, taken in connection with the first, is not inconsistent with the general verdict. It might be true that the plaintiff was not guilty of "contributory negligence," as the jury were bound to understand that phrase from the charge of the court, and yet he might have been guilty of that kind of negligence which the court below terms "waiver," but which, whatever it may

be called, may be effectual to exonerate the defendant from liability.

Order refusing to set aside the general verdict, and grant a new trial, affirmed.